UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jonathan Matthew Peace, | ) |
| | ) C/A No.: 8:10-cv-70273-GRA |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) (Written Opinion) |
| | ) |
| United States of America, | ) |
| | ) |
| Respondent. | ) |
| | ) |

This matter is before the Court on petition of Jonathan Peace's (hereinafter "Petitioner") Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255, which was filed on behalf of Petitioner by Charles W. Whiten, Esq.[1] The Government has filed a Response and a Motion for Summary Judgment. Petitioner did not file a response to the Summary Judgment Motion. For the reasons set forth below, Petitioner's Motion for Relief under 28 U.S.C. § 2255 is DENIED and Respondent's Motion for Summary Judgment is GRANTED.

Background

On November 20, 2008, Petitioner was named in a multiple count Third Superseding Indictment. The Indictment charged him with the following: Count One, conspiracy to possess with intent to distribute 500 grams or more of a mixture

---

[1] This case was originally filed under Petitioner's criminal case number, Cr. No. 8:08-cr-00628-GRA-6.

containing methamphetamine and 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 841(b)(1)(D); Count Seven, using a telephone to facilitate the commission of a felony under the Controlled Substances Act, in violation of 21 U.S.C. §§ 841(a)(1) and 846; Count Twenty-Six, felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); Count Twenty-Seven, possession of a mixture containing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and, Count Twenty-Eight, using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On August 27, 2008, the Government filed an Information, pursuant to 21 U.S.C. § 851, notifying Petitioner that he was subject to an enhancement of a minimum sentence of life imprisonment based on his prior convictions.

On February 2, 2009, Petitioner, represented by attorney John M. Read, IV, entered into a plea agreement with the Government, stating that in return for Petitioner pleading guilty to Count One of the Third Superseding Indictment and providing truthful information about all criminal activities of which Petitioner had knowledge, the Government agreed to withdraw the enhancement contained in the Information and to dismiss the remaining counts of the Third Superseding Indictment. The Plea Agreement also stated that by removing the enhancement in the Information, Petitioner would be held accountable for only one prior felony drug conviction and his minimum term of imprisonment would be reduced from life imprisonment to twenty years. On February 2, 2009, Petitioner, represented by

Read, entered a plea of guilty to Count One. This Court sentenced Petitioner to the minimum sentence under the statutory guidelines—262 months imprisonment and ten years of supervised release—on May 14, 2009. On May 19, 2009, Judgment was entered on the Court's docket.

Petitioner did not file a direct appeal. Petitioner, through counsel, filed this § 2255 Motion on May 13, 2010. On May 18, 2010, this Court ordered the Government to file a response to the Motion. The Government responded to Petitioner's Motion on July 19, 2010, and filed a Motion for Summary Judgment on the same day. Because Petitioner was represented by counsel, the Court did not mail an explanation of the summary judgment procedure, known as a *Roseboro* Order,[2] to Petitioner. Petitioner did not file a response to the Summary Judgment Motion.

### Standard of Review

Petitioner proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

---

[2] Before entering summary judgment against a petitioner who is proceeding *pro se*, the Court must provide the petitioner with fair notice of the requirements of the summary judgment rule. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam).

28 U.S.C. § 2255(a). Pursuant to the Rules Governing Section 2255 Cases in the United States District Courts, a sentencing court must promptly examine "the motion, any attached exhibits, and the record of the prior proceedings" to determine if the moving party is entitled to relief. R. 4(b). If the motion is not dismissed after this initial review, the Court must order the Government to file a response. *Id.* The Court then reviews all materials submitted by the parties and determines whether an evidentiary hearing is necessary. R. 8(a). The Court does not need to hold an evidentiary hearing if the motion and "the files and records conclusively show that the prisoner is entitled to no relief." *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970); *see also* 28 U.S.C. § 2255(b) ("Unless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon . . . .").

Furthermore, summary judgment is appropriate where the admissible evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Williams v. Staples, Inc.*, 372 F.3d 662, 667 (4th Cir. 2004) (citing Fed. R. Civ. P. 56(c)). The Court must view the facts in the light most favorable to the party opposing summary judgment, and it may not make credibility determinations or weigh the evidence. *Id.* (citing *Thompson v. Aluminum Co. of Am.*, 276 F.3d 651, 656 (4th Cir. 2002)). However, an issue of fact is "material" only if establishment of the fact might affect the outcome of the lawsuit under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* "Indeed, to withstand a motion for summary judgment, the non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial." *Hill v. O'Brien*, No. 09-6823, 2010 WL 2748807, at *2 (4th Cir. July 12, 2010) (citing Fed. R. Civ. P. 56(e)(2); see *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002)). Federal Rule of Civil Procedure 56(e)(2) states that "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in [the] rule—set out specific facts showing a genuine issue for trial."

The Court has thoroughly reviewed the motions, files, and records in this case in a light most favorable to Petitioner and finds that a hearing is not necessary because the record conclusively shows that Petitioner is entitled to no relief.

## Analysis

Petitioner seeks to set aside his conviction based on ineffective assistance of counsel. Petitioner asserts that his counsel was ineffective by (1) failing to present evidence of Petitioner's substantial assistance prior to sentencing, (2) failing to investigate or present evidence of mitigating circumstances, (3) failing to speak with witnesses who could have provided evidence of mitigating circumstances, (4) failing to obtain Petitioner's record of previous incarcerations, (5) failing to advise the Court

that Petitioner could not have been involved in the conspiracy for at least five months of the time alleged because Petitioner was incarcerated at that time, (6) failing to advise Probation of substantial assistance provided to law enforcement, and (7) failing to investigate and provide Probation with evidence of a personality disorder.

To establish ineffective assistance of counsel, a petitioner must show (1) that his counsel's performance was deficient and (2) that counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if it "fell below an objective standard of reasonableness." *Id.* at 688. In considering the deficiency, the court's "scrutiny of counsel's performance must be highly deferential," and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

To show prejudice, Petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see United States v. Mayfield*, 320 F. App'x 190, 191 (4th Cir. 2009) (holding that a petitioner challenging his counsel's assistance at sentencing, after a guilty plea, must establish that a reasonable probability exists that, absent the alleged error, the results of the proceeding would have been different (citing *Strickland*, 466 U.S. at 687 (1984))). However, "there is no reason for a court deciding an ineffective assistance claim to . . . address both

components of the inquiry if the defendant makes an insufficient showing of one." *Id.* at 697.

Petitioner has not shown deficient representation by his counsel, and he has failed to demonstrate that there is a reasonable probability that the result of the sentencing proceeding would have been different but for his counsel's alleged errors.

### A. Petitioner's "Substantial" Assistance

Petitioner states that his attorney "failed to present evidence of substantial assistance provided on [Petitioner's] behalf prior to sentencing" and that his attorney "failed to advise the probation officer preparing the sentencing report of substantial assistance arranged with the Anderson County Sheriff's Department, Narcotics Division, and an undercover operative." (Pet'r's Mot. 3 ¶12(a), ECF No. 1067.) However, the record and Attorney Read's Affidavit show that the opposite is true. Under the Sentencing Guidelines, a court may depart from the guidelines when *the government files a motion* stating that the defendant has "provided substantial assistance in the investigation or prosecution of another person who has committed an offense." U.S.S.G. §5K1.1 (emphasis added). "The Government retains the responsibility—and, with it, the discretion—to evaluate the defendant's truthful cooperation. . . . [and] is entitled to have that evaluation reviewed only for bad faith or unconstitutional motive." *United States v. Snow*, 234 F.3d 187, 190 (4th Cir. 2000).

According to Attorney Read, in an attempt to secure an additional sentence reduction[3] for Petitioner, he discussed "[Petitioner's] attempts to assist the Anderson County Sheriff's Department" with the Government. (Gov't's Resp., Aff. of John M. Read 2 ¶7, ECF No. 1041-1.) Attorney Read's negotiations with the Government included giving the Government "the names of the officers with whom [Petitioner] was attempting to work [with] and describ[ing] the general nature of his attempts." (*Id.*) However, according to Attorney Read, the Government did not find that Petitioner's attempts constituted substantial assistance. (*Id.*) The Government confirms Attorney Read's statements. (Gov't's Resp. 6, ECF No. 1041 ("According to Attorney Read and *the government concurs*, Peace's assistance was discussed during his case and the government deemed that it did not rise to the level of substantial assistance and therefore a 5K1.1 motion was not filed.") (emphasis added).) A review of the record shows that the presentence report does not reflect Petitioner's assistance.[4] (Presentence Report p. 33–34, ECF No. 702.) However, this omission in the presentence report does not create an issue of fact because it is the Government, represented by the Assistant United States Attorney, and not

---

[3] Pursuant to the Plea Agreement, the Government withdrew its pursuit of a sentencing enhancement that would create a mandatory minimum sentence of life imprisonment.

[4] Petitioner's presentence report does, however, reflect Petitioner's acceptance of responsibility and his assistance to the government in investigating his own misconduct under §3E1.1. (Presentence Report 30.) Petitioner received a three-level reduction, the maximum allowed, for his acceptance of responsibility. (*Id.*)

the probation officer, that determines whether Petitioner's assistance has been substantial enough to merit a departure from the sentencing guidelines. *See* U.S.S.G. §5K1.1; *United States v. Snow*, 234 F.3d 187, 190 (4th Cir. 2000). Finally, Petitioner provides no evidence to support his assertion that his attorney did not present this information prior to sentencing.[5]

This Court concludes that Attorney Read did not "fail[] to present evidence of substantial assistance provided on [Petitioner's] behalf prior to sentencing," and, therefore, his performance was not deficient under *Strickland*. Petitioner's claim regarding his substantial assistance does not survive summary judgment.

### B. Evidence of Mitigating Circumstances

Petitioner states that his attorney "failed to investigate or present evidence of mitigating circumstances [and] failed to speak with witnesses [who] could have provided mitigating circumstances." (Pet'r's Mot. 3 ¶12(a).) Petitioner has failed to establish that his attorney's alleged deficient performance prejudiced him. Petitioner did not provide the Court with any additional information about the mitigating circumstances that his attorney allegedly failed to investigate, the

---

[5] Petitioner cannot "rely merely on allegations or denials in [his] own pleading; rather, [his] response must—by affidavits or as otherwise provided in [the] rule—set out specific facts showing a genuine issue for trial," Fed.R.Civ.P. 56(e)(2). Petitioner did not submit a memorandum in support of his § 2255 Motion and did not file a reply to the Government's Summary Judgment Motion. Although Petitioner did certify his Motion, his statements regarding this claim were limited to two sentences that alleged his attorney did not present this information prior to sentencing and that his attorney did not present this information to Probation.

witnesses with whom his attorney allegedly should have spoken, or what information those witnesses could have provided that would have had an impact on his sentence. Without such information, the Court cannot find that a reasonable probability existed that, absent the alleged error, the results of the sentencing would have been different. Petitioner has thus failed to establish the second *Strickland* prong. Therefore, this Court holds that Petitioner's claim that his attorney failed to investigate or present evidence of mitigating circumstances does not survive summary judgment.

### C. Petitioner's Record of Previous Incarcerations

Petitioner claims that his attorney failed to obtain Petitioner's record of previous incarcerations. (Pet'r's Mot. 3 ¶12(a).) Petitioner fails to establish that there is a genuine issue of fact as to whether his attorney reviewed Petitioner's record. Attorney Read states that he did review Petitioner's record of previous incarceration. (Gov't's Resp., Aff. of John M. Read 3 ¶10.) Additionally, Petitioner's Sentencing Hearing transcript shows that Petitioner informed the Court that "yes," he "had ample time to read and go over the [presentence] report with [his] lawyer" and that he had no objections to the report, which included a list of Petitioner's prior incarcerations. (Tr. of Sentencing Hr'g 2:11–16, May 14, 2009, ECF No. 1024.) Petitioner has not provided any evidence to support his assertion that his attorney did not review his prior incarceration record. The record contains no information that contradicts Attorney Read's statements or any reason to believe

witnesses with whom his attorney allegedly should have spoken, or what information those witnesses could have provided that would have had an impact on his sentence. Without such information, the Court cannot find that a reasonable probability existed that, absent the alleged error, the results of the sentencing would have been different. Petitioner has thus failed to establish the second *Strickland* prong. Therefore, this Court holds that Petitioner's claim that his attorney failed to investigate or present evidence of mitigating circumstances does not survive summary judgment.

### C. Petitioner's Record of Previous Incarcerations

Petitioner claims that his attorney failed to obtain Petitioner's record of previous incarcerations. (Pet'r's Mot. 3 ¶12(a).) Petitioner fails to establish that there is a genuine issue of fact as to whether his attorney reviewed Petitioner's record. Attorney Read states that he did review Petitioner's record of previous incarceration. (Gov't's Resp., Aff. of John M. Read 3 ¶10.) Additionally, Petitioner's Sentencing Hearing transcript shows that Petitioner informed the Court that "yes," he "had ample time to read and go over the [presentence] report with [his] lawyer" and that he had no objections to the report, which included a list of Petitioner's prior incarcerations. (Tr. of Sentencing Hr'g 2:11–16, May 14, 2009, ECF No. 1024.) Petitioner has not provided any evidence to support his assertion that his attorney did not review his prior incarceration record. The record contains no information that contradicts Attorney Read's statements or any reason to believe

that Petitioner was perjuring himself when he informed the Court that he had reviewed the presentence report with this attorney. Therefore, this Court holds that Petitioner's claim that his attorney did not review his record of prior incarcerations is without merit and does not survive summary judgment.

### D. Petitioner's Involvement in the Conspiracy

Petitioner also claims that his attorney failed to advise the Court that Petitioner could not have been involved in the conspiracy for at least five months of the time alleged because Petitioner was incarcerated at that time. (Pet'r's Mot. 3 ¶12(a).) However, if Attorney Read had decided to challenge whether Petitioner had been involved with the conspiracy from the start date alleged in the Indictment, he would have undermined Petitioner's guilty plea and plea bargain. On February 2, 2009, Petitioner pleaded guilty to the third superseding indictment, which read that "beginning in or around September of 2007, and continuing thereafter, . . . the defendants . . . Mr. Peace . . . knowingly and intentionally did . . . conspire . . . to . . . intentionally . . . possess with intent to distribute and distribute a mixture of substance containing a detectable amount of methamphetamine . . . and marijuana . . . said conspiracy involving 500 grams or more of a mixture . . . containing methamphetamine and 100 kilograms or more of marijuana." (Tr. of Guilty Plea 5-6, 37, Feb. 2, 2009, ECF No. 1022.) During the Plea Hearing, the Government read the Indictment and listed the elements of the conspiracy, to include "that the conspiracy described in the third superseding indictment . . . was willfully formed

and was existing at or about the alleged time . . . ." (*Id.* at 7:3-7.) After the Government read the Indictment, the elements of the crimes, and the minimum and maximum penalties, the Court asked Petitioner if he had "any question as to the nature of the charge, the elements that the Government would have to prove, and the maximum or minimum penalties." (*Id.* at 10:6-9.) Petitioner responded that he did not. (*Id.* at 10:11.) Petitioner proceeded to plead guilty to the charges. (*Id.* at 37.) At the conclusion of the Plea Hearing, the Court further instructed Petitioner that the Court would "have sentencing as soon as we complete a presentence report. And the purpose of that presentence report is to inform the Court of all your background . . . . [I]f they put something down that you don't agree with, object to it and I will hear it and see whether you're right or you're wrong." (*Id.* at 38:2-11.) Despite having an opportunity to object to any mistakes or errors in the presentence report at his Sentencing Hearing, Petitioner did not challenge the length of his involvement in the conspiracy.[6] Neither Petitioner, nor a review of the record, have provided the Court a reason to believe that Attorney Read's decision to forego this

---

[6] The Court: Have you had ample time to read and go over the report with your lawyer?
[Petitioner]: Yes, sir.
The Court: And do you have any objections to the report?
[Petitioner]: No, sir.
. . .
The Court: All right. Anything you want to tell me?
[Petitioner]: No, sir. I apologize to you and my family for the problems I have put them through over the years. Besides that, no, sir.
(Tr. Of Sentencing Hr'g 2:11-16, 4:12-16.)

argument falls outside of the "wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689. Petitioner has failed to establish that his counsel's performance was deficient, and, therefore, Petitioner's claim does not survive summary judgment.

### E. Personality Disorder

Petitioner claims that his attorney failed to investigate evidence of a personality disorder and provide the evidence to the probation officer preparing the sentencing report. (Pet'r's Mot. 3 ¶12(a).) Petitioner has failed to show that the proceeding would have been different had Attorney Read investigated and provided evidence of the alleged personality disorder. Petitioner offers no evidence that he is currently, or has ever, suffered from a personality disorder. Because Petitioner has failed to establish that he was prejudiced by Attorney Read's failure to investigate his alleged personality disorder, Petitioner's claim fails.

IT IS THEREFORE ORDERED that Petitioner's Motion under § 2255 be DENIED and that Respondent's Motion for Summary Judgment be GRANTED.

IT IS SO ORDERED.

G. Ross Anderson, Jr.
Senior United States District Judge

October 13, 2010
Anderson, South Carolina

## CERTIFICATE OF APPEALABILITY[7]

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

_____
G. Ross Anderson, Jr.
Senior United States District Judge

---

[7] On December 1, 2009, the Rules Governing Section 2254 and 2255 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* 28 U.S.C. § 2254, Rule 11(a); 28 U.S.C. § 2255, Rule 11(a). This amendment also encompasses motions to reconsider final rulings on habeas petitions. *See United States v. Haynes*, 354 F. App'x 763 (4th Cir. 2009)(per curiam).