IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CR/A. No. 8:08-cr-00628-DCC-6 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Jonathan Matthew Peace | ) | |
| | ) | |

This matter comes before the Court on Defendant's Pro Se Motion for Compassionate Release. ECF No. 1394. Defendant, through appointed counsel, filed a Response in Support, and the Government filed a Response in Opposition. ECF Nos. 1397, 1403. For the reasons set forth below, Defendant's Motion for Compassionate Release is granted.

## I. BACKGROUND

On January 24, 2008, a Grand Jury returned an Indictment against Defendant. ECF No. 2. A Second Superseding Indictment was filed on September 17, 2008. *See* ECF No. 335. On August 27, 2008, the Government filed an Information pursuant to 21 U.S.C. § 851, to give Defendant notice that he was subject to increased penalties provided by 21 U.S.C. § 841 based upon conviction for possession of less than 1 gram of cocaine base, two convictions for trafficking methamphetamine, and possession of less than 1 gram of methamphetamine. *Id.* On November 20, 2008, a Third Superseding Indictment was filed charging Defendant with conspiracy to possess with intent to distribute and distribution of methamphetamine and marijuana, in violation of 21 U.S.C. § 846; using communications facility, a telephone, to facilitate a felony under the Controlled Substances Act in violation 21 U.S.C. § 843(b); possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); possession

with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and possession of a firearm in furtherance of drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  ECF No. 446 at 1–4, 9–10.

Defendant appeared before the Court on February 2, 2008, and, pursuant to a written plea agreement, entered a guilty plea to count 1 of the Third Superseding Indictment. *See* ECF No. 610, 611, 613, 614.  A provision in that plea agreement stated:

> Provided the Defendant, cooperates and complies with all the provisions of this Plea Agreement and the Defendant's cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the Attorneys for the Government agree to withdraw at sentencing an enhancement contained in the Information previously filed pursuant to 21 U.S.C. § 851 seeking an enhanced minimum penalty of life imprisonment based on . . . at least two [prior] felony drug conviction(s), such that the Defendant should be held accountable for one prior felony drug conviction described in that Information, and a reduced penalty of a minimum term of imprisonment of 20 years, with a maximum of life.

ECF No. 610 at p. 6–7.

On May 14, 2009, Defendant appeared before the Court for sentencing. ECF No. 738.  At that time, he was facing not less than 20 years or more than life pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851.  PSR ¶ 143.  The Court sentenced Defendant to 262 months imprisonment and 10 years supervised release.  *See* ECF No. 738, 750.  Defendant is currently incarcerated with the Bureau of Prisons ("BOP") and is scheduled for release on August 18, 2027.  *See Find an Inmate*, Fed. Bureau of Prisons, http://www.bop.gov/inmateloc/ (search for BOP Register Number 16425-171) (last accessed May 6, 2025).  Based on Counsel for Defendant's representations, as of the date of this Order, Defendant has served approximately 201 months of his sentence.  ECF

2

No. 1403 at 3.

On August 8, 2022, Defendant filed a Pro Se Motion for Compassionate Release. ECF No. 1394.  On June 7, 2024, the Court appointed the Federal Public Defender's Office to represent Defendant with respect to his Pro Se Motion for Compassionate Release.  ECF No. 1397.  On July 23, 2024, counsel for Defendant filed a Response in Support, and on September 16, 2024, the Government filed a Response in Opposition. ECF Nos. 1403, 1409.  Accordingly, Defendant's Pro Se Motion for Compassionate Release is now before the Court.

## II. APPLICABLE LAW

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) permits modification of a term of imprisonment upon motion of the defendant after exhaustion of the defendant's administrative remedies.  If "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission," the court may reduce a defendant's term of imprisonment and may impose a term of probation or supervised release that does not exceed the unserved portion of the original term of imprisonment.   18 U.S.C. § 3582(c)(1)(A)(i)–(ii).

Although Congress did not define "extraordinary and compelling" reasons in § 3582(c)(1)(A), the Sentencing Commission addressed the issue in a Policy Statement— United States Sentencing Guideline (U.S.S.G.) § 1B1.13—which provided the BOP with several categories of "extraordinary and compelling reasons" to consider.  *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020).  For years following the passage of the First Step Act in 2018, the Sentencing Commission did not update § 1B1.13 to account for

motions filed directly by defendants, meaning that the policy did not bind the courts when presented with a defendant's motion for compassionate release. *Id.* at 281–82, 284. A court, therefore, remained "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." *Id.* at 284 (quoting *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020)) (alteration and emphasis in original).

However, on November 1, 2023, the Sentencing Commission, via Amendment 814, amended U.S.S.G. § 1B1.13(b)(1)–(6) to address compassionate release motions brought directly by a defendant and to clarify and expand the list of what may qualify as an extraordinary and compelling reason to support a sentence reduction. The qualification list falls into several categories: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant was the victim of certain abuse while in custody; (5) any other circumstances or combination of circumstances that, when considered by themselves or together with any of the preceding categories, are similar in gravity; and (6) an unusually long sentence if the defendant meets certain conditions. The policy statement also recognizes the possibility that the BOP could identify other grounds that amount to extraordinary and compelling reasons.

The statute further instructs the court to "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(2); *Kibble*, 992 F.3d at 331 (noting "a district court may not grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)" without considering the § 3553(a) factors). Therefore, in order to grant compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the district court must (1) find that "extraordinary and compelling reasons" warrant a reduction in the

4

prisoner's sentence, and (2) consider the applicable § 3553(a) factors in light of the prisoner's extraordinary circumstances.  *Kibble*, 992 F.3d at 330, 332.

### III. DISCUSSION

**A. Exhaustion**

The First Step Act requires defendants to exhaust their administrative remedies before moving the Court for compassionate release.  *See* 18 U.S.C. § 3582(c)(1)(A).  To satisfy the exhaustion requirement, "incarcerated persons must first ask the BOP to file a motion for compassionate release on their behalf, and then, either (1) appeal the BOP's failure to bring a motion on their behalf, or (2) allow 30 days to lapse after making the request."  *Kibble*, 992 F.3d at 330 n.2.

Here, Defendant delivered a copy of his request on September 7, 2022.  *See* ECF No. 1403-1.  More than 30 days elapsed between when Defendant submitted his compassionate release request and when he filed his Motion for compassionate release.  *See* ECF No. 1394.  Accordingly, the Court finds that Defendant properly exhausted his administrative remedies and continues to the merits of his Motion.

**B. Extraordinary and Compelling Reasons**

Defendant requests compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on his "unusually long sentence."  ECF Nos. 1394, 1403.  Defendant contends that if he were sentenced today, he would no longer be subject to either the career offender enhancement or the increased mandatory minimum based on his prior convictions. ECF Nos. 1394 at 3–5; 1396 at 1; 1403 at 5–7 (citing *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019))*.*  Defendant argues because of these changes in the law, that if he were sentenced today, his applicable guideline range would be 151

5

to 188 months, which is significantly less than the 262 to 327 month range applicable at the time of his original sentencing hearing in 2009. ECF Nos. 1394 at 3–5; 1403 at 7. The Government does not dispute that Defendant's sentence is unusually long. *See* ECF No. 1409. In contrast, the Government contends that Defendant's Motion for Compassionate Release should be denied because the Sentencing Commission exceeded its authority in enacting U.S.S.G. § 1B1.13(b)(6) and, therefore, it cannot form a valid basis for granting compassionate release. *Id*. at 7–19.

As an initial matter, in considering the Government's arguments that U.S.S.G. Section 1B1.13(b)(6) is an invalid basis for compassionate release, the Court follows the lead of other courts in this Circuit, which have addressed similar arguments. *See United States v. Spencer*, No. 2:11-CR-30, 2025 WL 572398, at *5 (E.D. Va. Feb. 13, 2025); *United States v. Fields*, No. 5:12-CR-00002, 2024 WL 4520353, at *6–*7 (W.D. Va. Oct. 17, 2024). These courts found that the enactment of the Policy Statement, including § 1B1.13(b)(6), are in line with prior Fourth Circuit precedent. *See Spencer*, 2025 WL 572398 (citing *United States v. McCoy*, 981 F.3d 271, 286–87 (4th Cir. 2020); *United States v. Davis*, 99 F.4th 647, 658 (4th Cir. 2024)); *Fields*, 2024 WL 4520353, at *6–*7 (citing *Davis*, 99 F.4th at 654). The court in *Fields* further explained that Congress presumably reviewed § 1B1.13(b)(6) and (c) during the 180-day period the revised guidelines were under review and took no action. 2024 WL 4520353 at *8. Moreover, Congress retains the authority to take action using its authority to override § 1B1.13(b)(6) and (c) if it believes it runs afoul of the doctrine of the separation of powers and has chosen not to do so. *Id*. Accordingly, this Court likewise finds § 1B1.13(b)(6) and (c) are consistent with the pertinent provisions of existing Federal statutes and thus form a valid

6

basis for seeking compassionate release at this time.

As is relevant here, U.S.S.G. § 1B1.13(b)(6) declares:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

In addition, § 1B1.13(c) sets out limitations on changes in the law:

> Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

U.S.S.G. § 1B1.13(c).

After careful consideration of the record, the arguments of the parties, and the applicable law, the Court finds that Defendant has presented an extraordinary and compelling reason for a reduction in sentence. In *Norman*, the Fourth Circuit held that conspiracy to possess with intent to distribute a controlled substance is not a "controlled substance offense" pursuant to the career offender Guideline. *See* 935 F.3d at 237–39. Thus, after *Norman*, Defendant's violation of 21 U.S.C. § 846 would no longer constitute a "controlled substance offense" for the purpose of the career offender guidelines. *Id.* at 237–40. Additionally, without status as a career offender, Defendant would have received

the benefit of Amendment 782 to the Sentencing Guidelines, which was retroactive and would have lowered his base offense level by two points. In *Davis*, the Fourth Circuit found that *Norman* created a sentencing disparity which was "a textbook example of the extraordinary and compelling reasons that § 1B1.13(b)(6) is meant to address." 99 F.4th at 654. Considering what Defendant's sentence would be if sentenced today after the Fourth Circuit decision in *Norman* and current law under *Davis*, the Court finds Defendant's request for compassionate release based on the imposition of an unusually long sentence should be granted. Here, the Defendant was sentenced to a term of 262 months based upon his status as a career offender, and he has served more than 10 years of that term of imprisonment. *See* U.S.S.G. § 1B1.13(b)(6). Other courts in this Circuit have found that after *Norman* and *Davis*, a sentence of 262 months was "unusually long" for a similarly situated defendant and amounted to an exceptional and compelling circumstance supporting a reduction in his sentence. *See United States v. Mason*, No. 1:08-CR-00103, 2024 WL 4667168, at *4 (W.D.N.C. Nov. 4, 2024). Moreover, Defendant's time served as of the date of this Order has surpassed the top end of the guideline range for what he would be sentenced to today after *Norman*. For the foregoing reasons, the Court finds that there is a "gross disparity" between Defendant's current sentence and the sentence Defendant would likely receive today. Accordingly, Defendant has demonstrated an "extraordinary and compelling" reason warranting a sentence reduction.

### C. 18 U.S.C. § 3553(a) Factors

Having found that an extraordinary and compelling reason exists for a sentence reduction, the court "must consider the § 3553(a) sentencing factors 'to the extent that

they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)) (alterations adopted).  Upon review, the Court finds the factors enumerated in 18 U.S.C. § 3553(a) weigh in favor of Defendant's early release.  As to the "nature and circumstances of the offense and the history and characteristics of the defendant," Defendant provides persuasive evidence of his rehabilitation, including the completion of various programming while at the BOP as well as the nonresidential drug abuse program and his work for UNICOR Federal Prison Industries.  *See* ECF Nos. 1403 at 9; 1403-2.  The Court notes Defendant has a disciplinary record with several infractions while serving his sentence at the BOP, but that these infractions, given how long Defendant has been incarcerated, are not overly concerning given that the most recent offense was more than four years ago.  *See* ECF No. 1403-3.  The Court recognizes that Defendant has an extensive criminal history, and his offense conduct here was indeed serious.  However, as the Court has outlined above, "the sentencing range established for" Defendant's offense under current law is shorter than the time Defendant has already served.  Additionally, Defendant has already served approximately 75% of his sentence as initially imposed.  Accordingly, the "sentencing range established for" Defendant's offense and "the kinds of sentences available" support reducing Defendant's sentence.  Moreover, the Court finds that such a reduction does not

undermine the required purposes of deterrence or public protection. For the foregoing reasons, the Court finds that a reduction in sentence is appropriate.

**D. Home Detention and Supervised Release**

The Court notes that the Government requested that if the Court grants a sentence reduction, then a period of home detention should be imposed as a condition of supervised release. ECF No. 1409 at 21 n.7. When a court grants a sentence reduction, it "may impose a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). In imposing a term of supervised release, the court may impose a period of home confinement as a condition of supervised release, provided that the court finds that home confinement is a "substitute for imprisonment." U.S.S.G. § 5F1.2; *see* 18 U.S.C. § 3583(d). Alternatively, a court may consider modifying an existing term of supervised release to add a period of home confinement, consistent with U.S.S.G. § 5F1.2. *See* § 3583(e)(2).

Having fully considered the serious nature and circumstances of the offense as well as the history and characteristics of Defendant, including his current progress and behavior, the Court in its discretion determines that the modification of Defendant's remaining term of incarceration to a seven-year term of supervised release with a period of home confinement will result in a sentence that is sufficient but not greater than necessary to promote the goals of sentencing. The Court finds that a reduction in the term of supervised release along with period of home detention as a condition of supervised release is appropriate in Defendant's case based on the § 3553(a) factors as outlined above as the overall time during which Defendant's liberty is constrained will still

constitute a substantial portion both of his overall sentence and his projected sentence as initially imposed. 18 U.S.C. § 3582(c)(1)(A); *United States v. Simon*, No. 20-6701, 2022 WL 337126, at *1 (4th Cir. Feb. 4, 2022) ("[I]f the district court found home confinement to be appropriate, the court could have granted the motion for compassionate release and imposed home confinement as a term of supervised release."). Accordingly, the Court will also add the following condition to the first three and a half years of Defendant's term of supervised release:

> You will be placed on home detention to be monitored by a form of location monitoring technology for a period of 545 days, and you must follow the rules and regulations of the location monitoring program. The location monitoring technology used will be at the discretion of the United States Probation Office. While on home detention, you are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by your supervising officer. You must contribute to the cost of such monitoring program not to exceed the amount determined reasonable by the Court approved "U.S. Probation Office's Sliding Scale for Services."

All other conditions shall remain the same.

## IV.  CONCLUSION

For the reasons set forth above, Defendant's Pro Se Motion for Compassionate Release [1394] is **GRANTED**. Upon his release, Defendant shall be on supervised release for seven years with all standard and special conditions imposed in his original criminal judgment. ECF No. 750. Additionally, Defendant shall be on home confinement with electronic monitoring for the initial 545 days of his supervised release term with all conditions as outlined herein.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

May 14, 2025
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

Movant is hereby notified that he has the right to appeal this order within fourteen (14) days from the date hereof, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.